IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
|  | : |
| *In re* Mark A. Brooks, | : Civil Action 2:13-mc-0032 |
| Applicant | : Judge Smith |
|  | : Magistrate Judge Abel |

**REPORT AND RECOMMENDATION**

Plaintiff Mark A. Brooks brings this action under Ohio Revised Code § 2953.32(A)(1) asking this federal trial court to expunge his March 6, 2009 conviction for impersonating a police officer, a fourth degree misdemeanor. This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on the application for expungement. (Doc. 1.)

The application states that Brooks, a former police officer for Perry Township in Montgomery County, Ohio and a former security officer at the Miami Valley Hospital, was issued a citation for speeding on July 2, 2008 by a Montgomery County Sheriff's Deputy. The deputy asked Brooks if he was familiar with the Kettering Municipal Court. Brooks responded that he knew where the court was because he was "an officer." He said that he was no longer a Perry Township police officer, but he misleadingly stated, "Now I work for Miami Valley Hospital Campus Police." About three hours later, Brooks was arrested for impersonating a private police officer in violation of Ohio Revised Code § 2921.51(B) because he had left that employment in June 2008. Following a December 17, 2008 bench

trial, Brooks was convicted for impersonating a private police officer. On March 23, 2009, he was sentenced to a $200 fine. When imposing sentence, the judge told Brooks:

> I think, for what it's worth, that this particular matter arose because of some, from my perspective, poor decision-making on your part. However, I don't think it was done with a maliciousness, and that's why I'm not going to go further than what I have. And I hope that if anybody has need to, or occasion to review this, that they'll note that there is just a fine imposed in this matter, and nothing else.

August 19, 2013 Application, p. 3, Doc. 1, PageID 3.

Brooks states that following his conviction he was employed as police officer with the Carlisle Police Department from May 2009 through March 2010 and as a State of Ohio police officer from October 2009 through May 2012. No criminal proceedings are pending against him. In May 2012, he graduated with a degree in public safety management from Franklin University. In May 2013, he began law school at the University of Dayton. He is enrolled in an expedited two-year program and hopes to graduate in May 2015.

Ohio Revised Code § 2953.32 provides, in relevant part:

> (A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
> (2) Any person who has been arrested for any misdemeanor offense and who has effected a bail forfeiture may apply to the court in which the misdemeanor criminal case was pending when bail was forfeited for the sealing of the record of the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of one year from the date on which the bail forfeiture was entered upon the minutes of the court or the journal, wh
> (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing

on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. If the applicant was convicted of or pleaded guilty to a violation of division (A)(2) or (B) of section 2919.21 of the Revised Code, the probation officer or county department of probation that the court directed to make inquiries concerning the applicant shall contact the child support enforcement agency enforcing the applicant's obligations under the child support order to inquire about the offender's compliance with the child support order.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail

3

> forfeiture, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in divisions (G) and (H) of this section, shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.

I do not read the statute to permit a federal court to expunge an Ohio conviction. The statute states that "an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record." Brooks was convicted in Ohio and should apply to the sentencing court for expungement. I read the "or to a court of common pleas if convicted in another state or in a federal court" clause as permitting a person convicted in another state or in a federal court to apply to an Ohio common pleas court for expungement of that conviction. It does not authorize a federal court to expunge an Ohio conviction. Accordingly, I RECOMMEND that the application for expungement be DENIED without prejudice for lack of subject matter jurisdiction.

    The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation to the applicant and to the City of Kettering's Prosecutor's Office, 2325 Wilmington Pike, Kettering, Ohio 45420.

If any party objects to this Report and Recommendation, that party may, within tfoureen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
